of 1868? It declares that sections 94 and 95 of the acts of June 30, 1864, and all acts and parts of acts amendatory of said sections, be, and the same are hereby repealed. Section 4, in lieu of the tax of two and a half per cent. ad valorem, imposes a tax of two dollars per thousand on sales in excess of five thousand dollars, which shall be assessed and paid quarter-yearly, as other taxes are assessed and paid. This act is then a repeal and abolition of the tax and system of taxation upon woolen manufactures, which existed at the period when it is alleged this offense was committed. It is a repeal of the law under which the defendant is indicted. The crime and its penalty are abrogated. Where, then, is our jurisdiction? How can we try the defendant, and, if found guilty, punish him under a law that has no existence? The offense is gone, and no one can be punished for what is not a crime at the time of punishment. Nothing is more certain that that if a statute creating an offense be repealed, all proceedings under it fall. [U. S. v. Passmore] 4 Dall. [4 U. S.] 373. The government alone is interested in the prosecution of criminal cases; it can terminate them at any stage by a nolle prosequi; it can obliterate the offense from the Penal Code; and provided it leaves the citizen his civil remedy for the injury that is peculiar to himself, it violates no right of property, and it offends no principle of justice. The law unquestionably is, that after the repealing act is passed there shall be no such offense as that for which this defendant is indicted. It is no longer an offense; it cannot be indicted, it cannot be punished, it is taken from the Penal Code absolutely. This was substantially the argument for the defense in Duane's Case, in 1 Bin. 601, sustained by the chief justice, afterwards by the supreme court of Pennsylvania, in [Ammidon v. Smith] 1 Wheat. [14 U. S.] 460, and by Mr. Justice Washington, who, in Anonymous [Case No. 475], says: "It is a clear rule, that if a statute create an offense, and is then repealed, no prosecution can be instituted for any offense committed against the statute previous to its repeal."

Such being the law, the present prosecution must fail. And suppose, as is certainly the case, that these internal revenue laws are not without obscurity, in the language of Chief Justice Tilghman, I feel myself on the safest and strongest ground, in adopting a construction which takes away the punishment.

Indictment quashed.

———

## Case No. 15,100.

### UNITED STATES v. FISHER.

[Cited in U. S. v. Hall, Case No. 15,281, and U. S. v. Pomeroy, Id. 16,065. Nowhere reported; opinion not now accessible.]

## Case No. 15,101.

### UNITED STATES v. FISHER.

[1 Cranch, C. C. 244.] [1]

Circuit Court, District of Columbia. July Term, 1805.

WITNESS—FREE NEGRO—SLAVERY—PRESUMPTION.

1. A free negro is a competent witness against a free white man  Quære.

[Cited in U. S. v. Mullany, Case No. 15,832.]

2. General reputation of freedom is sufficient to rebut the presumption of slavery arising from color.

[This was an indictment against Henry Fisher, a free white man.]

Indictment for beating prisoner's wife. The assault having been proved by Mr. Threlkield. Lucy Butler, a black woman, was offered as a witness on the part of United States. Mr. Threlkield having sworn that she had always passed for a free woman for many years, the court permitted her to be sworn to the jury.

Quære. See the act of assembly of Maryland (1717, c. 13, § 2).

═══

## Case No. 15,102.

### UNITED STATES v. FISHER.

[5 McLean, 23.] [2]

Circuit Court, D. Ohio. Oct. Term, 1849.

EMBEZZLEMENT FROM MAIL—INDICTMENT—ARTICLE OF VALUE.

1. Where an indictment charges the carrier of the mail with stealing a letter out of it, it is sufficient.

2. If the letter contain an article of value, it must be so averred in the indictment, to subject the defendant to the incurred penalty.

3. But as it is an offence to steal a letter which contains no article of value, it is not necessary to aver that it contained no such article.

The District Attorney, for the Government. Mr. Lawrence, for defendant.

OPINION OF THE COURT. This is an indictment against the defendant [John Fisher], charging him as carrier of the mail, with stealing letters, &c. A motion is made to quash certain counts in the indictment which charge the defendant with stealing a letter, without alleging that it contained no article of value. This is not necessary. A carrier of the mail is subject to a higher penalty where he steals a letter out of the mail, which contains an article of value. And when this offense is committed, the indictment must allege the letter contained an article of value, which aggravates the offense and incurs a higher penalty. But where the offense consists in stealing a letter, it may

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon John McLean, Circuit Justice.]